UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81516-CIV-MIDDLEBROOKS/MATTHEWMAN

IN ADMIRALTY

In the Matter of the Complaint for Exoneration
From or Limitation of Liability by TOWBOAT ONE,
INC. as Owner of one 1999 23-foot aluminum vessel,
Hull Identification No.: SAMA1046H999, Florida
Registration No. FL9227LD,

  Petitioner.

_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### ON TOWBOAT ONE INC.'S MOTION TO CONSOLIDATE [DE 30]

**THIS CAUSE** is before the Court upon an Order of Reference from United States District Judge Donald M. Middlebrooks [DE 47][1] for a Report and Recommendation on Petitioner, Towboat One, Inc.'s ("TBO") Motion to Consolidate ("Motion") [DE 30]. Petitioner Christopher McDermott ("McDermott") has a filed a response [DE 40], and TBO has filed a reply [DE 48]. The Court heard argument on the Motion on April 5, 2023. For the reasons that follow, the undersigned United States Magistrate Judge **RECOMMENDS** that United States District Judge Donald M. Middlebrooks GRANT the Motion [DE 30].

       **I.**    **BACKGROUND**

This matter arises out of a tragic incident that occurred on April 16, 2022 on the navigable waters of the United States in Palm Beach County, Florida. [DE 30 at 1]. McDermott was the owner and operator of his 23-foot Sea Ray Vessel (M/V FRICKA) ("FRICKA") in the Atlantic

---

[1] If the Court refers to a docket entry without an accompanying case number, it is referring to the instant case, case number 22-cv-81516.

Ocean just south of the Palm Beach Inlet. *Id.* There were twelve people aboard the Vessel when it encountered rough seas and swamped to the gunwales. *Id.* All twelve people on the 23-foot Sea Ray donned personal flotation devices, and McDermott issued a May Day call on his radio. *Id.* Multiple vessels responded to the May Day including M/Y COUNTRY BOY ("COUNTRY BOY"), a 54-foot Sea Ray yacht, and the 23-foot aluminum salvage/rescue vessel, UNIT 4, owned by TBO. *Id.* at 2. Robert Dykes, the owner of the 54-foot Sea Ray yacht, entered the water in an attempt to rescue two adult women from FRICKA who were struggling in the water. *Id.* During the rescue attempt of the two women, Mr. Dykes was pinned between the stern of the 54-foot Sea Ray yacht and the starboard side of the 23-foot UNIT 4 salvage/rescue vessel. *Id.* He suffered severe injuries and was pronounced dead shortly thereafter. *Id.*

### A. Case No. 22-cv-81516-Middlebrooks/Matthewman

In the first filed case, 22-cv-81516, TBO on September 30, 2022 filed a Verified Complaint for Exoneration from or Limitation of Liability [DE 1] pertaining to the April 16, 2022 incident described above and involving the vessel owned and operated by TBO. *Id.* On December 22, 2022, Christopher Dykes as Personal Representative for the Estate of Robert Dykes filed an Answer and Affirmative Defenses to Petitioner's Complaint for Exoneration from or Limitation of Liability [DE 15] and Rule f(5) Claim Pertaining to Petitioners' Complaint for Exoneration from or Limitation of Liability [DE 16]. Thereafter, TBO filed a Third Party Complaint against Captain Christopher J. Fox [DE 19].

On December 20, 2022, "Prospective Claimant" McDermott filed an Unopposed Motion for Extension of Time to Claim in Towboat One, Inc. Limitation [DE 12]. In that motion, McDermott explained that this case is related to his own Limitation Action, which is before this Court under Case No. 9:22-cv-81588-DMM. *Id.* at 1. Judge Middlebrooks granted McDermott's

Motion for Extension of Time and ruled that McDermott had to respond to TBO's Limitation Complaint on or by January 13, 2023. [DE 14]. No response was ever filed.

### B. Case No. 22-cv-81588-Middlebrooks

In the second filed case, Case No. 9:22-81588-DMM, the Verified Complaint for Exoneration from or Limitation of Liability was filed by McDermott on October 14, 2022. [22-81588-DMM, DE 1]. McDermott alleges that, during the April 16, 2022 incident, Mr. Dykes entered the water without a flotation device and without a line connecting him to his vessel and that the Captain of COUNTRY BOY, Christopher Fox ("Fox"), put COUNTRY BOY in astern propulsion without warning. *Id.* ¶¶ 26–27, 29. McDermott also alleges that the decision of the Captain of UNIT 4 to maneuver under power in this close quarters situation rather than throwing a ring buoy or other floatation device to the two women in the water may have contributed to the incident which caused Mr. Dykes' injuries and death. *Id.* ¶ 33.

McDermott arrested M/Y COUNTRY BOY via Third Party Complaint against the Estate of Dykes, M/Y Country Boy and its Captain Christopher Fox. [22-81588-DMM, DEs 6–10]. This vessel arrest led to a Confidential Settlement and Mutual Release of All Claims between McDermott, the Estate of Dykes, M/Y Country Boy and Captain Christopher Fox on October 27, 2022. [DE 40–1]. Thereafter, McDermott voluntarily dismissed the Third Party Complaint with Prejudice. [22-81588-DMM, DE 20]. Since McDermott's claims period closed on November 30, 2022, he moved for Clerk's Default against all those who failed to timely claim in his limitation action. [22-81588-DMM, DE 32]. The only Answer and Claim filed in McDermott's Limitation Action was by TBO, which brought one count for Contribution against McDermott based on exposure to any claims of the Dykes Estate and any "yet unknown claimants" that may claim against TBO, when its claims period closed on December 29, 2022. [22-81588-DMM, DE 28].

3

Case No. 9:22-81588-DMM was transferred to Judge Middlebrooks from a different United States District Judge on December 5, 2022, because it was related to the instant case. [9:22-81588-DMM, DE 34].

## II.  MOTION, RESPONSE AND REPLY

### A. TBO's Motion [DE 30]

TBO argues that this case and the Limitation Proceeding filed by McDermott in case number 9:22-CV-81588 (which was filed after this case) "both involve 'a common question of law' and 'a common question of fact.'" [DE 30 at 3]. This is because "the vessels owned by McDermott, TBO, and the deceased Mr. Dykes were all involved in the same incident on April 16, 2022, wherein Mr. Dykes suffered fatal injuries." *Id.* at 3–4. According to TBO, in August 2022, legal counsel for the Dykes Estate sent claim letters to both TBO and McDermott "alleging that the negligence of both vessel owners contributed to or caused the fatal injuries to Mr. Dykes." *Id.* at 4. This led to TBO and McDermott filing their Petitions in the two cases. *Id.* TBO asserts that consolidation is appropriate here pursuant to Rule 42 and the relevant factors and that there is a "risk of prejudice to TBO if the apportionment of liability between all potential tortfeasors is considered in two different trials." *Id.* at 5.

### B. McDermott's Response [DE 40]

McDermott contends that the Motion must be denied because the "request for consolidation is based on the flawed legal theory that TBO has a legal right to maintain a Claim or Third Party Claim against MCDERMOTT that would require a trial of MCDERMOTT's Limitation." [DE 40 at 1]. McDermott asserts that the claim filed by TBO against McDermott in McDermott's limitation is "invalid as a matter of law." *Id.* He further argues that there is "absolutely no legal basis for requiring [him] to participate in discovery or trial of the TBO limitation as anything other

4

than a non-party witness" and that the "prejudice to [him] posed by this Consolidation Motion is severe, costly and is increasing daily as TBO continues to burden the Court and the Parties with claims, complaints and motions that are completely unnecessary and vexatious." *Id.* at 2.

More specifically, McDermott explains that he has settled with and obtained a release of all claims arising out of the April 16, 2022 incident from Christopher Dykes as Personal Representative of the Dykes Estate, and the Dykes Estate is the sole claimant against TBO. [DE 40 at 2]. Thus, since McDermott "has been fully and completely released from all liability the DYKES ESTATE through its Personal Representatives, by the M/Y Country Boy, *in rem*, (the involved yacht owned by DYKES) and by Captain Christopher Fox (the operator of the M/Y Country boy at the time of Dykes Death)[,] TBO is precluded as a matter of law from maintaining a contribution claim for damages against MCDERMOTT." *Id.*

McDermott further argues that "TBO may add [him] to the judgment form as a matter of right and by virtue of MCDERMOTT's status as a settling joint tortfeasor as to the DYKES ESTATE." [DE 40 at 3]. He requests that the Court deny the Motion and issue an Order "indicating that MCDERMOTT may be included on the judgment form in TBO's limitation as a settled joint tortfeasor that is not exposed to a claim for damages from TBO, only appearing for the purpose of an apportionment of liability." *Id.*

### C. **TBO's Reply [DE 48]**

TBO concedes that is "not seeking any damages against McDermott and agrees that the settlement with the Dykes Estate precludes anyone from seeking monetary damages from him." [DE 48 at 1, n. 1]. It next represents that the entire intent of its Motion is to "get all potential parties/tortfeasors in the same legal proceeding, *i.e.* the TBO Limitation Proceeding so that the Court can determine TBO's right to limitation and to apportion liability between TBO,

McDermott, Captain Christopher Fox, and the comparative negligence of the decedent, Robert Dykes." *Id.* at 1. TBO explains that there is no "judgment form" that would be used in a bench trial and "there is no mechanism in the Federal Rules of Procedure or the Local Rules which would allow this Court to determine the liability of a non-party and it is settled law in this District that the Court cannot apportion fault between a party and a non-party in a federal maritime action." *Id.* at 3. To the extent that the Court finds it proper to do so, TBO does not object to the issuance of an Order indicating that McDermott may be included on a judgment form in TBO's limitation as a settled joint tortfeasor solely for the purpose of an apportionment of liability. *Id.*

### III.   LEGAL STANDARD

Pursuant to the rule governing consolidation, Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In determining whether to exercise their discretion to consolidate, courts are to consider the following:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). The Eleventh Circuit has encouraged district courts to "make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495 (11th Cir. 1985) (quoting *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir.1966), cert. denied, 386 U.S. 958 (1967)). Furthermore, the Court's decision whether or not to consolidate cases is purely

discretionary. *Id.*

## IV. DISCUSSION

As there appear to be no specific cases on point to aid the Court in its analysis, the parties rely on more general principles of admiralty law to support their positions as to whether the cases should be consolidated. For example, in *McDermott v AmClyde*, 511 U.S. 202, 205 (1994), the Supreme Court had to determine "whether the liability of the nonsettling defendants should be calculated with reference to the jury's allocation of proportionate responsibility, or by giving the nonsettling defendants a credit for the dollar amount of the settlement." The Supreme Court found that the proportionate approach is the correct one. *Id.* It also explained that this approach involves "a credit for the settling defendants' 'proportionate share' of responsibility for the total obligation. Under this approach, no suits for contribution from the settling defendants are permitted, nor are they necessary, because the nonsettling defendants pay no more than their share of the judgment." *Id.* at 209.

The Eleventh Circuit has more recently explained that "settling defendants cannot sue nonsettling, unreleased defendants for contribution in admiralty tort cases." *Murphy v. Fla. Keys Elec. Co-op. Ass'n, Inc.*, 329 F.3d 1311, 1318 (11th Cir. 2003). In other words, *McDermott*'s "prohibition against contribution from a settling party does not preclude a contribution suit against a tortfeasor who is released by the settlement even though not a party to it. A release is not the same as a settlement, and a released party is not a settling party within the meaning of *McDermott*, which does not purport to eliminate altogether the 'well-established maritime rule allowing contribution between joint tortfeasors.'" *Id.* (quoting *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 113 (1974)).

Further, "[t]he Eleventh Circuit has held that it is erroneous to apportion fault between a party and a non-party in a federal maritime action, because determinations of liability and causation should be settled 'between two live opponents,' rather than by a plaintiff and a defendant, in the absence of the non-party to whom liability is being apportioned." *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1351 (S.D. Fla. 2020) (quoting *Groff v. Chandris, Inc.*, 835 F. Supp. 1408, 1410 (S.D. Fla. 1993)). Additionally, "[t]he Fabre defense, which states that under Florida comparative fault law, liability can be apportioned to non-parties, is not applicable in a federal maritime action." *Id.*[2]

The Court has considered the alleged prejudice and possible confusion, the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of a single trial versus multiple trials. Taking into account the above admiralty law to the extent that it should enter into the Court's analysis as to consolidation, the Court finds that consolidation is appropriate here. The parties are all in agreement that the trial before Judge Middlebrooks will be a bench trial. The parties are further all in agreement that, despite the fact that TBO is not seeking damages from McDermott, Judge Middlebrooks will be required to apportion fault during the bench trial in this case, including the proportionate fault of McDermott. The Undersigned finds that consolidation is necessary and appropriate to serve that purpose. Further, this will permit Judge Middlebrooks to more efficiently and fairly resolve this entire dispute.

With regard to McDermott's contentions about the alleged excessive prejudice and burden on him if the case is consolidated, it is clear that TBO could still seek discovery and documents

---

[2] While McDermott argues that *Wiegand* is distinguishable in light of the procedural posture of that case, the broad language cited in *Wiegand* is, in fact, applicable.

from McDermott, depose him, and compel him to testify at trial as a non-party even if the cases were not consolidated. Thus, the prejudice and burden clearly do not outweigh the factors in favor of consolidation. And, as established during the hearing on the Motion, McDermott's suggestion that the Court enter an Order "indicating that MCDERMOTT may be included on the judgment form in TBO's limitation as a settled joint tortfeasor that is not exposed to a claim for damages from TBO, only appearing for the purpose of an apportionment of liability" is nonsensical in the context of a non-jury trial and is not supported by any authority whatsoever. McDermott has not proposed an entirely workable solution outside of consolidation. Additionally, the Court notes that the case at hand was filed before case number 22-81588-DMM, and TBO was seemingly excluded from the private settlement negotiations in that case. Thus, it would be unfair to deny the motion to consolidate given this procedural history.

Other Southern District of Florida courts have also granted motions to consolidate in admiralty actions. *See, e.g.*, *Great Lakes Ins. SE v. Sunset Watersports Inc.*, Case No. 0:20-cv-61629-Dimitrouleas, DE 16; *In re Abramowitz*, Case No. 17-cv-61846-Bloom/Valle, DE 19. The rationale behind these orders is that both cases seek exoneration or limitation of the liability in admiralty for the same boating accident, so the cases are clearly related and contain overlapping factual and legal issues. The same analysis applies here even though McDermott has reached a settlement in his own case.

## V.     CONCLUSION

In light of the foregoing, the undersigned United States Magistrate Judge **RECOMMENDS** that Petitioner, Towboat One, Inc.'s Motion to Consolidate [DE 30] be **GRANTED**.

## **NOTICE OF RIGHT TO OBJECT**

In light of the upcoming pretrial deadlines and the pending motions in both cases, as well as the delay caused by this consolidation dispute, the Undersigned shall hereby shorten the time for the parties to file objections to this Report and Recommendation, as authorized under S.D. Fla. Magistrate Judge Rule 4(a). Accordingly, the parties shall have seven (7) calendar days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach County, Florida, this 7th day of April 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge