UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81516-CIV-MIDDLEBROOKS/MATTHEWMAN

IN ADMIRALTY

In the Matter of the Complaint for Exoneration
From or Limitation of Liability by TOWBOAT ONE,
INC. as Owner of one 1999 23-foot aluminum vessel,
Hull Identification No.: SAMA1046H999, Florida
Registration No. FL9227LD,

　　　　Petitioner.

_____/

FILED BY＿＿＿SW＿＿＿D.C.

Jul 5, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON CLAIMANT'S
MOTION FOR ORDER MODIFYING INJUNCTION [DE 38]
AND ON
PETITIONER'S MOTION FOR LEAVE TO FILE ITS THIRD PARTY COMPLAINT
AGAINST CHRISTOPHER MCDERMOTT OR TO REFRAME THE PARTIES [DE 62]**

**THIS CAUSE** is before the Court upon an Order of Reference from United States District

Judge Donald M. Middlebrooks [DE 67] for a Report and Recommendation on the Motion for

Order Modifying Injunction filed by Christopher Dykes as Personal Representative for the Estate

of Robert Dykes ("Estate of Dykes") [DE 38] and Petitioner Towboat One, Inc.'s ("TBO") Motion

for Leave to File Its Third Party Complaint against Christopher McDermott ("McDermott") or

Alternatively, Motion to Reframe the Parties [DE 62]. The two motions are fully briefed. *See* DEs

49, 52, 71, 73. The Court heard argument on the motions on June 7, 2023, and ordered further

briefing and conferral by the parties. The parties have filed the additional materials as required.

[DEs 83, 85, 86, 88, 89]. These matters are now ripe for review.

## I.     <u>BACKGROUND</u>

This matter arises out of a tragic incident that occurred on April 16, 2022, on the navigable waters of the United States in Palm Beach County, Florida. [DE 30 at 1]. McDermott was the owner and operator of his 23-foot Sea Ray Vessel (M/V FRICKA) ("FRICKA") in the Atlantic Ocean just south of the Palm Beach Inlet. *Id.* There were twelve people aboard the Vessel when it encountered rough seas and swamped to the gunwales. *Id.* All twelve people on the 23-foot Sea Ray donned personal flotation devices, and McDermott issued a May Day call on his radio. *Id.* Multiple vessels responded to the May Day including M/Y COUNTRY BOY ("COUNTRY BOY"), a 54-foot Sea Ray yacht, and the 23-foot aluminum salvage/rescue vessel, UNIT 4, owned by TBO. *Id.* at 2. Robert Dykes, the owner of the 54-foot Sea Ray yacht, entered the water in an attempt to rescue two adult women from FRICKA who were struggling in the water. *Id.* During the rescue attempt of the two women, Mr. Dykes was pinned between the stern of the 54-foot Sea Ray yacht and the starboard side of the 23-foot UNIT 4 salvage/rescue vessel. *Id.* He suffered severe injuries and was pronounced dead shortly thereafter. *Id.*

TBO on September 30, 2022, filed a Verified Complaint for Exoneration from or Limitation of Liability [DE 1] pertaining to the April 16, 2022 incident described above and involving the vessel owned and operated by TBO. *Id.* On December 22, 2022, Christopher Dykes as Personal Representative for the Estate of Robert Dykes filed an Answer and Affirmative Defenses to Petitioner's Complaint for Exoneration from or Limitation of Liability [DE 15] and Rule F(5) Claim Pertaining to Petitioners' Complaint for Exoneration from or Limitation of Liability [DE 16]. Thereafter, TBO filed a Third Party Complaint against Captain Christopher J. Fox [DE 19].

On April 25, 2023, Judge Middlebrooks entered his order adopting the Undersigned's Report and Recommendation [DE 58], thereby consolidating TBO's limitation action with Christopher McDermott's limitation action (Case No. 22-cv-81588). [DE 61]. Case No. 22-cv-81588 has also been closed.[1]

## II.    MOTION FOR ORDER MODIFYING INJUNCTION [DE 38]

### a.    THE PARTIES' ARGUMENTS

At this point, after the parties' arguments have been distilled, and as represented in open court by the parties, there are only two issues remaining regarding the Motion for Order Modifying Injunction filed by Estate of Dykes [DE 38]. First, the parties disagree on the wording and contents of the requisite stipulations. Second, TBO argues that, even if the Motion [DE 38] is granted, this Court should not stay the federal action and should allow the state and federal actions to proceed simultaneously. Estate of Dykes disagrees and argues that this federal action should be stayed if the Motion is granted.

### b.    LEGAL STANDARD

"When faced with liability for a maritime accident, a vessel owner may file a petition in federal court seeking protection under the Limitation Act." *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). "Provided that the accident in question occurred without the vessel owner's 'privity or knowledge,' the Act limits the owner's liability to the value of his or her interest in the vessel and its pending freight." *Id.*; *see* 46 U.S.C. § 30505. "After the vessel owner deposits with the court an amount representing the value of the vessel and its freight (the 'limitation fund'), the district court stays all related claims against the vessel owner pending in any other forum, and directs all potential claimants to file their claims against the vessel owner in the district

---

[1] The Court assumes the reader's familiarity with the Report and Recommendation [DE 58] dated April 7, 2023. That Report and Recommendation contains additional facts and information about this case and Case No. 22-cv-81588.

court within a specified period of time." *Beiswenger*, 86 F.3d at 1036; *see* 46 U.S.C. § 30511.

"Alternatively, the ship owner may seek exoneration from liability where the owner, the vessel,

and the crew are 'completely free of fault.'" *In re Black*, No. 16-CV-81937, 2017 WL 3601826,

at *2 (S.D. Fla. July 11, 2017) (quoting *In re Complaint of Caribbean Sea Transp.*, 748 F.2d 622,

626 (11th Cir. 1984)).

"Federal courts have exclusive jurisdiction over admiralty and maritime claims, but the

jurisdictional statute 'sav[es] to suitors in all cases all other remedies to which they are otherwise

entitled.'" *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 440 (2001) (quoting 28 U.S.C. §

1331(1)) (alteration in original). "Another statute grants vessel owners the right to seek limited

liability in federal court for damage aboard their vessels." *Id.* (citing 46 U.S.C. App. § 181 et seq.).

"It is well established that the application of these two statutes has resulted in tension between the

exclusive jurisdiction granted to federal courts over matters relating to admiralty jurisdiction in

determining a vessel owner's right to limited liability and a claimant's right to utilize civil remedies

that would otherwise be available." *Matter of Offshore of the Palm Beaches, Inc.*, No. 12-CV-

80829, 2013 WL 12085457, at *2–3 (S.D. Fla. Feb. 20, 2013), *aff'd sub nom. Offshore of the Palm

Beaches, Inc. v. Lynch*, 741 F.3d 1251 (11th Cir. 2014). "The United States Supreme Court and

the Courts of Appeal[s] have resolved the 'tension' between the savings to suitors clause and the

Limitation Act by permitting claimants to proceed with their claims in state court where there is

only a single claimant or where the total claims do not exceed the value of the limitation fund." *Id.*

The first exception is satisfied "when a vessel owner faces only a single claimant." *Offshore

of the Palm Beaches*, 741 F.3d at 1258. "The 'single claimant exception'— triggered when only

one claimant responds to the shipowner's petition—allows the single claimant to 'try liability and

damages issues in another forum [e.g. in state court] by filing stipulations that protect the

shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability.'"
*In re Freedom Unlimited*, 440 F. Supp. 3d 1332, 1336–37 (S.D. Fla. 2020), *aff'd sub nom. Freedom Unlimited v. Taylor Lane Yacht & Ship, LLC*, No. 20-11102, 2021 WL 3629904 (11th Cir. Aug. 17, 2021) (quoting *Beiswenger*, 86 F.3d at 1037). "If the state court (or the law side of the federal court) holds the vessel owner liable for the accident and assesses damages exceeding the limitation fund, the parties must return to the admiralty court for a determination of the privity or knowledge issues." *Id.* at 1038 (citations omitted).

In real "multiple-claims-inadequate-fund" cases, even if they agree to return to the admiralty court to litigate the vessel owner's privity or knowledge, courts have not allowed damage claimants to try liability and damages issues in their chosen fora. *See Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 549–50 (5th Cir.1960). More recently, however, "courts have allowed claimants to transform a multiple-claims-inadequate-fund case into the functional equivalent of a single claim case through appropriate stipulations, including stipulations that set the priority in which the multiple claims will be paid from the limitation fund. By entering such stipulations, the damage claimants effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund." *In re Black*, 2017 WL 4601826, at *3. "Without such competition for the limitation fund, a *concursus* is unnecessary, just as in a true single claimant case, and the claimants may litigate liability and damages issues in their chosen fora." *Id.*

The second exception "arises where the limitation fund exceeds the aggregate amount of all the possible claims against the vessel owner." *Suzuki of Orange Park*, 86 F.3d 1063, n. 2 (citing *Lake Takers Corp. v. Henn*, 354 U.S. 147, 152-53 (1957)).

c.   <u>DISCUSSION</u>

There is no dispute between the parties that Estate of Dykes should be permitted to proceed with its claims in state court under the above law. The Court believes this is a single claimant case despite TBO's argument to the contrary. Regardless, the parties seem to be in agreement that, even if this were not a single claimant case, appropriate stipulations would make this case the functional equivalent of a single claim case.

However, TBO and Estate of Dykes do dispute the appropriate language of Estate of Dykes' stipulations. TBO has filed a red-lined version of Estate of Dykes' proposed stipulations [DE 85–1] in order to identify the disputes between the parties. Estate of Dykes has also filed alternate proposed stipulations. [DE 88–1]. The Court has carefully reviewed both.

The *Beiswenger* court stated the necessary stipulations which the claimant must make to apply to all forums are: (1) concede the admiralty court's exclusive jurisdiction over all limitation issues; (2) promise to not to seek a determination of those limitation issues in their state court action; (3) waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court; (4) waive the related defense of issue preclusion with respect to all matters reserved exclusively for determination by the admiralty court; (5) concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding; (6) stipulate that no judgment against the shipowner will be asserted to the extent it exceeds the value of the limitation fund; and (7) if limitation in the future is granted, then to stipulate that the Claimant will not seek a judgment over the limitation fund as approved by the Court. *Matter of Freedom Unlimited*, No. 19-61655-CIV, 2019 WL 8455691, at *3 (S.D. Fla. Dec. 19, 2019), *report and recommendation adopted in part sub nom. In re Freedom Unlimited*, 440 F. Supp. 3d 1332

(S.D. Fla. 2020), *aff'd sub nom. Freedom Unlimited v. Taylor Lane Yacht & Ship, LLC*, No. 20-11102, 2021 WL 3629904 (11th Cir. Aug. 17, 2021) (citing *Beiswenger,* 86 F.3d at 1044).

The Court finds that the following stipulations are sufficient and appropriate to protect TBO's rights and are in compliance with the legal authority:

> a. TBO has the right to litigate the issues of whether it is entitled to limit its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, in this Court, and this Court has exclusive jurisdiction to determine that issue;[2]
>
> b. Estate of Dykes waives any and all claims of issue preclusion or *res judicata* based on any ruling or judgment obtained in any other forum, including but not limited to the State Court case, or arbitration, with respect to all matters reserved for determination by this Court.[3]
>
> c. The value of TBO's vessel is alleged to be $50,000.00 (the "Limitation Fund"). The value of any and all claims brought in any forum against Petitioner and/or the vessel, M/V Towboat US; Hull ID #SAMA1046H999 will be limited to that fund amount, pending verification of the value of the vessel, if this Court rules TBO is entitled to limitation of liability.
>
> d. If there is a judgment, arbitration award, or recovery in any other forum outside this Court in excess of the Limitation Fund (including liable parties who may seek contribution, indemnity, crossclaim or claim) against TBO, in no event will Estate of Dykes seek to enforce that judgment, or arbitration award or recovery unless and until Petitioner's right to limitation is determined by this Federal Court.[4]
>
> f. If any party or entity seeks contribution or indemnification from TBO, that party or entity's recovery will be determined in the Limitation of Liability Action before this Court.
>
> g. If this Court determines TBO is entitled to limit its liability, then Estate of Dykes agrees any claim based on attorney's fees and/or costs awarded against TBO in favor of any party in any action shall have priority against the Limitation Fund; and

---

[2] The language proposed by TBO at DE 85–1, p. 2, para. 5(a), is not found in *Beiswenger* and it not appropriate or necessary under the relevant body of law.

[3] The Court agrees that a reference solely to "State Court" is insufficient given the facts of this case. *See* DE 85–1, p. 3, para. 5(b).

[4] The Court does find TBO's additions appropriate (as altered by the Court) in light of the discussions at the hearing and the possible future claims of Captain McCarter or any other putative claimant which may sue TBO in contribution or indemnity. *See* DE 85–1, p. 3, para. 5(d).

h. If this Court determines TBO is entitled to limit liability, then Estate of Dykes agrees following payment of any claim pursuant to the preceding paragraph, Estate of Dykes shall share in the remaining Limitation Fund in proportion to the value of Estate of Dykes' claim bears to the value of all remaining claims.

The Undersigned finds that the above stipulations meet the requirements of *Beiswenger*. If these stipulations are adopted, there is no further dispute amongst TBO and Estate of Dykes other than whether this federal action should be stayed while the Estate of Dykes is permitted to proceed in state court. The Court has fully and carefully reviewed TBO's Corrected Memorandum of Law Ordered by the Court [DE 86], as well as Estate of Dykes' Supplemental Memorandum of Law on Stay of Proceedings [DE 83].

As noted by TBO in its memorandum, "most cases in the Eleventh Circuit and this District, appear to automatically grant a single claimant's request for stay in the limitation when it grants the modification of the injunction as a result of the single claimant rule, citing *Beiswenger*." [DE 86 at 12]. The Court has considered those cases. *See, e.g.*, *Offshore of the Palm Beaches*, 741 F.3d at 1258; *In re Complaint of OSRV Holdings, Inc.*, Case No. 1:21-cv-20791, 2021 WL 6135136, (S.D. Fla. Aug. 26, 2021); *In re Freedom Unlimited*, 440 F. Supp. 3d 1332 at 1345; *In re Lowry*, Case No. 9:18-CV-80096, 2018 WL 11229126 (S.D. Fla. Sept. 17, 2018); *In re Black*, 2017 WL 3601826.

TBO argues that a stay would not prejudice Estate of Dykes, but it would unduly prejudice TBO. [DE 14–15]. TBO also argues that the stay would not simplify the issues in question. *Id.* at 15. Having considered all of the relevant law, the Undersigned finds that this case should be stayed, as is commonly done in this jurisdiction, and that the impact of the settlement in the now-consolidated case does not substantially change the analysis regarding the imposition of a stay. The case may resolve with finality in the state court, thereby rendering this federal action moot.

Based on the foregoing, the Undersigned RECOMMENDS that the Motion for Order Modifying Injunction filed by Christopher Dykes as Personal Representative for the Estate of Robert Dykes [DE 38] be GRANTED IN PART AND DENIED IN PART; this Court's Injunction [DE 7] be modified to allow Estate of Dykes to proceed with the filing of a civil action in state court; the above cited stipulations be approved and adopted; the instant federal action, Case Number: 9:22-CV-81516-DMM, be stayed pending the state court's adjudication of Estate of Dykes' claims; the Clerk of Court be directed to close this case for administrative purposes; and the parties be directed to file periodic reports informing the Court of the status of the underlying state court proceedings. The Undersigned also recommends notifying TBO that, if at any time it believes that Estate of Dykes is not adhering to the letter of the stipulations, TBO may file a motion to reopen this case.

III. **MOTION FOR LEAVE TO FILE ITS THIRD PARTY COMPLAINT AGAINST CHRISTOPHER MCDERMOTT OR TO REFRAME THE PARTIES [DE 62]**

As the Undersigned ordered, the parties have conferred and filed a Joint Notice of Filing Stipulation [DE 89]. The Joint Stipulation Reframing Parties [DE 89–1] contains several stipulations which simplify the case and deem the pending motion [DE 62] moot. The Undersigned RECOMMENDS that the District Judge ratify and approve the Joint Stipulation Reframing Parties [DE 89–1] and that the parties be reframed as stated therein. The Undersigned also RECOMMENDS that the District Judge grant in part and deny in part the motion [DE 62] and direct the Clerk of Court to modify this case's caption as sought by the parties in their Joint Stipulation.

## IV.    CONCLUSION

In light of the foregoing, the undersigned United States Magistrate Judge **RECOMMENDS** as follows:

1. that TBO's Motion for Leave to File Its Third Party Complaint against Christopher McDermott or Alternatively, Motion to Reframe the Parties [DE 62] be **GRANTED IN PART AND DENIED IN PART**;

2. that the Joint Stipulation Reframing Parties [DE 89–1] be adopted, ratified by the Court, and that the parties be reframed as stated therein per Court Order;

3. that the Clerk of Court be directed to modify this case's caption as sought by the parties in their Joint Stipulation [DE 89–1 at 5–6][5] and that this modification occur before the case is stayed and administratively closed to avoid disputes at a later date;

4. that the Motion for Order Modifying Injunction filed by Christopher Dykes as Personal Representative for the Estate of Robert Dykes [DE 38] be **GRANTED IN PART AND DENIED IN PART**;

5. that the stipulations listed on pages 7 and 8 of this Report and Recommendation be approved and adopted;

6. that this Court's Injunction [DE 7] be modified to allow Estate of Dykes to proceed with the filing a civil action in state court;

7. that the instant federal action, Case Number: 9:22-CV-81516-DMM, be stayed pending the state court's adjudication of Estate of Dykes' claims;

8. that the Clerk of Court be directed to close this case for administrative purposes;

---

[5] The proposed caption names TBO as Petitioner/Third-Party Plaintiff, Dykes as Respondent/Claimant, and Fox and McDermott as Nominal Third-Party Defendants.

9.  that the parties be directed to file periodic reports informing the Court of the status of the underlying state court proceedings; and

10. that the District Judge state in his Order that, if at any time it believes that Estate of Dykes is not adhering to the letter of the stipulations, TBO may file a motion to reopen this case.

### <u>NOTICE OF RIGHT TO OBJECT</u>

In light of the upcoming pretrial deadlines and the pending motions in this case and so that this case is not further delayed, the Undersigned shall hereby shorten the time for the parties to file objections to this Report and Recommendation, as authorized under S.D. Fla. Magistrate Judge Rule 4(a). Accordingly, the parties shall have seven (7) calendar days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Florida, this 5th day of July 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge